Norfolk and Western Railway Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, and United Transportation Union, Respondents.

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Henry D. Light,* Assistant General Solicitor, with him *Kirkpatrick, Lockhart, Johnson and Hutchison,* and *Dennis M. Sheedy,* for petitioner.

*Mary Ellen Krober,* Assistant Attorney General, for respondent, Department of Labor and Industry.

*T. P. Shearer,* for respondent, United Transportation Union.

OPINION BY JUDGE BLATT, May 4, 1977:

The Norfolk and Western Railway Co. (appellant) appeals here from an order of the Pennsylvania Department of Labor and Industry (Department) directing the appellant to pay certain employees on a weekly basis in compliance with the Act of July 14, 1971, P.L. 221, No. 43, 43 P.S. §255.1 (Act 43).

This action commenced with the filing of a complaint by the United Transportation Union Enginemen (UTU(E)) with the Department on behalf of its members working as engine service employees on the appellant's Pittsburgh and West Virginia Division.

The complaint alleged that the appellant was paying these employees semi-monhly in violation of Act 43, which provides in pertinent part:

> Unless otherwise stipulated in the contract of hiring or in the applicable labor agreement, every common carrier by railroad . . . shall pay once each week to each employe, the wages earned for the seven day period ending not more than fourteen days prior to such payment. Wages as the term is herein used shall be limited to those earnings derived from basic pro rata rates of pay pursuant to a labor agreement, and shall not include incentives, bonuses, and other similar types of fringe payments.

The Department appointed an examiner who conducted an evidentiary hearing to determine whether or not there existed a contract of hiring or a labor agreement which would exempt the appellant from compliance with Act 43 and justify the continuance of the appellant's practice of paying these employees semi-monthly. The Examiner found that there was no such contract of hiring or labor agreement authorizing semi-monthly pay periods covering the UTU(E) employees, and, on his recommendation, the Department issued an order that the appellant pay wages weekly to those employees who are members of the UTU(E) working on the appellant's Pittsburgh and West Virginia Division. This appeal followed.

Section 44 of the Administrative Agency Law,[1] 71 P.S. §1710.44, limits our scope of review here to a determination of whether or not the findings of fact are supported by substantial evidence, whether or not an error of law was committed, and whether or not the appellant's constitutional rights were violated.

---

[1] Act of June 4, 1945, P.L. 1388, *as amended*, 71 P.S. §1710.1 et seq.

*Pennsylvania Prevailing Wage Appeals Board v. Steve Black, Inc.*, 27 Pa. Commonwealth Ct. 21, 365 A.2d 685 (1976).

The appellant initially argues that the Department lacks subject matter jurisdiction to enforce Act 43, and, noting that Act 43 does not expressly grant enforcement authority to the Department, urges that the Department does not have the power to administer and enforce the Act. The jurisdiction of an administrative agency relates to the competency of the agency to determine controversies of the general class to which the case presented belongs. *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 130 A.2d 686 (1957). The Department has been given statutory authority to enforce and/or administer statutes concerning minimum wage rates[2] and the payment of wages to children[3] and women.[4] It also has the authority to administer and enforce the requirements of the Wage Payment and Collection Law[5] which include the payment of employees on a regular payday.[6] In addition the Department has the power and duty to mediate wage disputes between an employer and his employees.[7] Although it is true that Act 43 does not expressly grant enforcement power to the Department, we believe that in view of the wide authority given to the Department by the above statutes to regulate the payment of wages, that it would be unreasonable not

---

[2] Section 9 of The Minimum Wage Act of 1967, Act of January 17, 1968, P.L. 11, *as amended,* 43 P.S. §333.109.

[3] Section 3 of the Act of May 27, 1937, P.L. 917, 43 P.S. §331c.

[4] Section 4 of the Equal Pay Law, Act of December 17, 1959, P.L. 1913, *as amended,* 43 P.S. §336.4.

[5] Act of July 14, 1961, P.L. 637, *as amended,* 43 P.S. §260.1 et seq.

[6] Section 8 of the Wage Payment and Collection Law, 43 P.S. §260.8.

[7] Section 2206 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended,* 71 P.S. §566.

to presume that the Legislature intended the Department to enforce this Act also.[8] We believe that these wage statutes illustrate a legislative intention that the Department have the authority to insure that workers in the Commonwealth are paid a fair and reasonable wage for their efforts in a prompt and timely fashion and that this intention amounts to an implied delegation of authority to the Department to administer Act 43, even in the absence of an express delegation within the four corners of the Act.

The appellant argues that, by paying the UTU(E) employees on a semi-monthly basis, it is already in compliance with Act 43. It claims, first, that the appellant's ten-year practice of paying these employees on a semi-monthly basis, although not authorized in any contract of hiring or collective bargaining agreement with the UTU(E), has become, due to the acquiescence of the UTU(E), part of the labor agreement between the parties. We find it unnecessary to respond to this contention because we interpret the exception contained in Act 43 to require an *express* provision regarding the time of payment contained in either a collective bargaining agreement or in an individual contract of hiring. The relevant portion of Act 43 clearly states "[u]nless otherwise *stipulated* in the contract of hiring or in the applicable agreement. . . ." (Emphasis added.) We believe that the presence of the word "stipulated" is indicative of a legislative intent that any provision regarding the payment of wages must be expressly contained within the contract of hiring or labor agreement to come within this exception, and, because it is clear here that no such provision is contained within any labor agreement or con-

---

[8] Section 3(1) of the Statutory Construction Act of 1972, 1 Pa. C.S.A. §1922(1), requires us to presume in ascertaining legislative intention that in enacting a statute, the Legislature did not intend a result that is absurd, impossible of execution, or unreasonable.

tract of hiring between the UTU(E) and the appellant, the appellant's present practice of paying these employees on a semi-monthly basis is clearly in violation of Act 43.

The appellant's second contention as to its alleged compliance with Act 43 is that, because the members of the UTU(E) occasionally work under another collective bargaining agreement which does stipulate semi-monthly payment of wages, the appellant is therefore in compliance with Act 43 in *always* paying such employees on a semi-monthly basis. We disagree. The record indicates that the collective bargaining agreement between the appellant and the UTU(E) applies to the craft known as engine service workers or firemen, and all UTU(E) members are not only eligible to work as engineers but do so whenever work in this craft is available. When these employees work as engineers, they are covered by a collective bargaining agreement between the appellant and the Brotherhood of Locomotive Engineers (B.L.E.), which specifically provides that wages be paid on a semi-monthly basis. In such circumstances, we believe that the appellant is in compliance with Act 43 in paying the wages earned by the UTU(E) employees who are then working as engineers under the B.L.E. collective bargaining agreement on a semi-monthly basis because this is specifically provided in the B.L.E. agreement and therefore comes within the exception provided in the Act. We do not believe, however, that the UTU(E) members can be or are simultaneously subject to both agreements. The wages, therefore, earned by them as firemen under the UTU(E) collective bargaining agreement must be paid on a weekly basis, as specified in Act. 43.

The appellant's final arguments, that Act 43 is invalid under the Supremacy and Commerce Clauses of the United States Constitution, have been decided ad-

versely to it by the Pennsylvania Supreme Court in *Baltimore and Ohio Railroad Co. v. Department of Labor and Industry,* 461 Pa. 68, 334 A.2d 636, *cert. denied,* 423 U.S. 806 (1975). That case is controlling here.

The order of the Department of Labor and Industry is, therefore, affirmed.

### Order

And Now, this 4th day of May, 1977, the order of the Department of Labor and Industry dated July 20, 1976 is hereby affirmed.