Josephine L. Russell, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued November 20, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Gretchen Regenhardt,* for petitioner.

*Edward P. Carey,* with him *Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., December 16, 1980:

This is an appeal from an order of a Department of Public Welfare hearing examiner directing the Erie County Board of Assistance (CAO) to discontinue assistance and medical assistance to the petitioner, her husband and their two children. The decision was rendered after a fair hearing appeal from the action of CAO discontinuing this assistance on the grounds that petitioner had failed to report that her husband was performing work for which he was paid. There is no question of law involved in this case. It is entirely a factual question of whether petitioner's husband was being paid to supervise work for his friend or whether he was performing the services as an act of friendship and the money received was actually loans which were repaid.

The hearing examiner in her adjudication determined that the CAO was correct in determining that petitioner failed to report her husband's earnings.

If there is substantial evidence to support the hearing examiner's finding we must affirm. *Norfolk & Western Railway v. Department of Labor and Industry,* 30 Pa. Commonwealth Ct. 82, 372 A.2d 1249 (1977). What is substantial evidence was recently defined for this Court by President Judge CRUMLISH: "Substantial evidence is the relevant evidence a reasonable mind can accept as adequate to support a con-

clusion. . . ." *Bovino v. Board of School Directors, Indiana Area School District,* 32 Pa. Commonwealth Ct. 105, 109, 377 A.2d 1284, 1287 (1977).

No good purpose would be served by here repeating the evidence. Suffice it to say the respondent's witnesses provided more than ample testimony that petitioner's husband was working and being paid. Indeed one witness testified that he had been supervised at his work by petitioner's husband and had gone with him when they both were paid for their service. Further, this witness testified that petitioner came to one job site and in this witness's presence told her husband they were taken off welfare because of his working.

There was evidence submitted by petitioner which contradicted or explained this testimony. Clearly, it is the hearing examiner's duty to resolve these conflicts and determine which testimony to accept.

Accordingly, we will enter the following

ORDER

AND Now, December 16, 1980, the order of the Department of Public Welfare hearing examiner, entered July 31, 1979 in case number 81288-C is affirmed.